### JONES v. BURR BROS., Incorporated.

(Supreme Court, Appellate Division, First Department. February 3, 1911.)

COURTS (§ 14*)—JURISDICTION OF THE PERSON—ACTION BETWEEN NONRESIDENT AND FOREIGN CORPORATION.

Under Code Civ. Proc. § 1780, authorizing an action by a nonresident against a foreign corporation only for damages for breach of a contract made within the state, or relating to property within the state at the time of its making, or to recover real property within the state or a chattel situated therein, or where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state, an action by a nonresident against a foreign corporation for breach of a contract of employment made in another state, in which the services were to be rendered, should have been dismissed on motion at the close of plaintiff's case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. § 14.*]

Appeal from Trial Term, New York County.

Action by William R. Jones against Burr Bros., Incorporated. From a judgment on a verdict directed for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Mark W. Norman, for appellant.

McLAUGHLIN, J. This action was brought to recover damages for the alleged breach of a contract of employment. The complaint alleges that the defendant is a foreign corporation organized and existing under the laws of the state of Connecticut; that it entered into a written contract with the plaintiff by which he was employed for a period of six months from the 16th day of May, 1907, at a salary of $35 per week for the first two months and $50 per week for the next succeeding four months; that, before the expiration of the contract term, plaintiff was wrongfully discharged, and thereafter was not permitted to render any services whatever, notwithstanding the fact that he was willing, ready, and offered to do so. The answer put in issue the material allegations of the complaint, and alleged affirmatively that the plaintiff was discharged on account of his inefficiency, incompetency, and failure to turn over to the defendant the proceeds of collections made by him. At the conclusion of the plaintiff's case, defendant moved to dismiss the complaint upon the ground, among others, that it affirmatively appeared that the court did not have jurisdiction of the subject-matter of the action, since the plaintiff at the time the contract was made and at all times thereafter was a resident of the state of Illinois, and the defendant a corporation organized and existing under the laws of the state of Connecticut. The motion was denied and an exception taken, whereupon defendant rested without offering any evidence. The court directed a verdict for the amount claimed, with interest, and, from the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment entered thereon and an order denying a motion for a new trial, defendant appeals.

The plaintiff was the only witness who testified at the trial, and from his testimony it appeared that from the date of making the contract to and including the time of the trial he was continuously a resident of the state of Illinois. The contract was made in that state. By its terms the services were to be, and were, there rendered. The defendant was a foreign corporation. The complaint so charges and the answer admits it.

There being no dispute as to the foregoing facts, at the conclusion of plaintiff's case the court should have granted defendant's motion. The jurisdiction of the court, under the facts proved, is governed by section 1780 of the Code of Civil Procedure. A reference to this section will show that under the facts proved the court did not have jurisdiction of the subject-matter of the action. It should, therefore, have granted defendant's motion and dismissed the complaint. It is only in the cases specified in the section referred to that a non-resident plaintiff can maintain an action against a foreign corporation in the courts of this state, and in any other case the court must, at any stage of the proceeding, upon the facts being brought out and called to its attention, dismiss the action for want of jurisdiction. Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636; Anglo-American Provision Co. v. Davis Provision Co., 169 N. Y. 506, 62 N. E. 587, 88 Am. St. Rep. 608; Hoes v. N. Y., N. H. & H. R. R. Co., 173 N. Y. 441, 66 N. E. 119.

In the Robinson Case, the court, passing upon a similar question, said:

"An action by a nonresident plaintiff against a foreign corporation can be maintained only in the cases specified and in no case for a cause of action which arose outside of the state limits. * * * Jurisdiction of the action cannot be conferred upon the court by any consent or stipulation of the parties. The objection to the jurisdiction in such case may be taken at any stage of the action, and the court may ex mero motu at any time when its attention is called to the facts refuse to proceed further and dismiss the action."

The undisputed facts established at the trial show that this was an action in which jurisdiction could not be acquired, and the trial court therefore erred in denying the motion to dismiss the complaint.

It follows the judgment and order appealed from are reversed, with costs, and the complaint dismissed, with costs. All concur.