In Dohn v. Dawson, 90 Hun, 271, 273, 35 N. Y. Supp. 984, 986, the court said:

"It is further urged that the plaintiff took the risk of the situation at the time. We are not aware that, being upon the sidewalk, he took the risk of any falling brickbats that might be carelessly dropped down upon his head by the employés of the defendants. He had the right to be upon the sidewalk. He was there attending to his work, and he had no reason to anticipate such carelessness upon the part of defendants' employés. It is urged that the plaintiff had not shown absence of contributory negligence, and that it cannot be inferred from the proof of the accident and of negligence on the part of the defendants. This is undoubtedly true; but the facts were shown, and the plaintiff has proved that he was where he had a right to be. He had no reason to expect, as already suggested, that brickbats would be showered down upon his head."

The question of contributory negligence was, under all the circumstances, one of fact for the jury. Sullivan v. Tioga R. R. Co., supra; Feeney v. L. I. R. R. Co., 116 N. Y. 375–379, 22 N. E. 402, 5 L. R. A. 544; Krulder, Adm'x, v. Woolverton, 11 Misc. Rep. 537, 32 N. Y. Supp. 742; Lee v. Troy Citizens' Gaslight Co., 98 N. Y. 116; Chisholm v. State, 141 N. Y. 246, 36 N. E. 184.

If there was a question of fact as to whether the plaintiff was or was not guilty of contributory negligence, then it would have been improper to take that from the jury. Geibel v. Elwell, 19 App. Div. 285–289, 46 N. Y. Supp. 76.

Failure to take unusual care, no defense. Ernst v. Hudson R. R. R. Co., 35 N. Y. 9, 90 Am. Dec. 761.

The verdict was not excessive. Germann v. Suburban Rapid-Transit Co. (Com. Pl.) 13 N. Y. Supp. 897.

I think, upon all the evidence, there was a question for the jury of the negligence of defendant and plaintiff's freedom from contributory negligence, and upon disputed proof, the jury having found in his favor, the motion to set aside verdict and for a new trial is denied.

---

(157 App. Div. 302.)

PAYNE v. NEW YORK, S. & W. R. CO.

(Supreme Court, Appellate Division, Second Department. May 29, 1913.)

1. COURTS (§ 37*)—JURISDICTION—WAIVER OF OBJECTIONS.
    Code Civ. Proc. § 1780, providing that actions against a foreign corporation may be maintained by a nonresident only in certain specified cases, deprives the courts of jurisdiction over the subject-matter of the action, and does not merely deprive the plaintiff of the legal capacity to sue; and hence an objection to the court's jurisdiction was not waived by the failure to raise the question by answer, under Code Civ. Proc. §§ 498, 499, authorizing the taking by answer of any ground of demurrer not apparent on the face of the complaint, and providing that such objections are waived, unless taken by demurrer or answer, except objections to the court's jurisdiction and to the sufficiency of the complaint to state a cause of action.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 147–149, 151, 156; Dec. Dig. § 37.*]

2. COURTS (§ 52*)—JURISDICTION—STATUTORY PROVISIONS.

Code Civ. Proc. § 1780, providing that actions may be maintained by nonresidents against foreign corporations only in certain specified cases, is not invalid, as taking from the Supreme Court a part of the general jurisdiction conferred upon it by the Constitution.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 184–192; Dec. Dig. § 52.*]

Appeal from Trial Term, Orange County.

Action by Emma A. Payne, as administratrix of James W. Payne, deceased, against the New York, Susquehanna & Western Railroad Company. From a judgment and order setting aside a verdict for plaintiff and dismissing the complaint, plaintiff appeals. Affirmed.

See, also, 142 App. Div. 942, 127 N. Y. Supp. 1135.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Abram F. Servin, of Middletown (Rosslyn M. Cox, of Middletown, on the brief), for appellant.

John Bright, of Middletown, for respondent.

CARR, J. This is an appeal from an order, made at Trial Term in Orange county, setting aside a verdict rendered in favor of the plaintiff, and a judgment dismissing the complaint on the ground that the court was without jurisdiction to entertain the action. The action was brought to recover damages for a personal injury. The complaint set forth a cause of action arising within the state of New Jersey and under a statute thereof which was pleaded, and alleged also that the defendant was a corporation organized and existing under the laws of the state of New York. There was no allegation in the complaint as to the residence of the plaintiff. The answer denied the allegation that the defendant was a domestic corporation, and pleaded expressly that it was a corporation organized and existing under the laws of the state of New Jersey.

The cause of action set forth in the complaint was alleged to have arisen from one or both of two causes; i. e., defective appliances on a railroad train on which the plaintiff was a brakeman, and the negligence of the engineer in charge of the train in its management. When the action came to trial, it appeared that the defendant was a foreign corporation, and that the plaintiff, at the time when the action was brought and tried, was a resident of the state of New Jersey. The trial court eliminated from the case, under the proofs therein, as a ground of liability, the question of the defective appliances, and properly so, and sent the case to the jury solely on the question of the alleged negligence of the engineer. At the close of all the testimony the defendant moved to dismiss the complaint, on the ground that the court had no jurisdiction of the cause of action under the provisions of section 1780 of the Code of Civil Procedure. Decision was reserved on this motion, and the defendant excepted. After the coming in of the verdict, a motion was made under section 999 of the Code for a new trial, and the court thereupon, after consideration,

granted the motion, which had been made by the defendant at the close of the whole case, to dismiss on the ground of want of jurisdiction.

[1] It is urged by the plaintiff appellant that, as this action was brought in the Supreme Court, which has a general jurisdiction in law and equity, if section 1780 of the Code be interpreted as depriving the court of jurisdiction over the subject-matter of the action, then such section must be held to be unconstitutional. It is urged, however, that the section in question should be so construed as simply to deprive the plaintiff of the legal capacity to sue, in which event, the defendant having failed to raise by answer that question, such objection must be deemed to have been waived. Code of Civil Procedure, §§ 498, 499. Section 1780 of the Code of Civil Procedure has been the subject of considerable interpretation, and in every case in which it has come up for consideration it has been treated as relating to the jurisdiction of the subject-matter of the action. This is the first time, so far as I have been able to ascertain, that any claim has been made that it re-lated only to a lack of legal capacity on the part of a nonresident plaintiff. On the general question, among the most recent decisions is that of Jones v. Burr Bros., Incorporated, 142 App. Div. 640, 127 N. Y. Supp. 478, in which a number of the preceding cases on the question are collated.

So far as the cause of action set forth in the complaint was based on the New Jersey statute, the Supreme Court of this state had no obligation to assume jurisdiction thereof, unless the party plaintiff was a resident of the state, and in which event it should assume jurisdiction under proper conditions for the protection of its own citizens and residents. Zeikus v. Florida East Coast Railway Co., 153 App. Div. 345, 138 N. Y. Supp. 478. In McCormick v. Pennsylvania Central R. R. Co., 49 N. Y. 303, it was held that a nonresident plaintiff might maintain a cause of action in this state against a foreign corporation for a cause of action arising in another state, where the court had acquired jurisdiction of the person of the defendant. This holding was on the theory that the Supreme Court, being a court of general jurisdiction, had jurisdiction of the subject-matter of that action. In that case, however, the action was for a conversion, and as the action was at common law, and transitory, the Supreme Court then had jurisdiction of the subject-matter, and might very well entertain such action where it acquired jurisdiction of the defendant, regardless of the place of residence of the plaintiff. It was said in Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636, that section 1780 of the Code was enacted in its present form for the purpose of changing the rule in the McCormick Case.

It seems clear that the purpose of section 1780, as aforesaid, was not in relation to the legal capacity of a nonresident to sue a foreign corporation in the courts of this state, but rather was directed towards the subject-matter of the action which he might maintain in this state. The plaintiff was under no personal legal disability, such as infancy, insanity, or like causes. Whatever cause of action he had was vested in him personally. A want of legal capacity to sue is dis-

connected from the nature of the alleged cause of action. As was said by Vann, J., in Ward v. Petrie, 157 N. Y. 301, 311, 51 N. E. 1002, 1005 (68 Am. St. Rep. 790):

"There is a difference between capacity to sue, which is the right to come into court, and a cause of action, which is the right to relief in court. Incapacity to sue exists when there is some legal disability, such as infancy or lunacy, or a want of title in the plaintiff to the character in which he sues."

Now, if the plaintiff may not sue in this state on his cause of action, it is because of the nature of the subject-matter of that action; that is, a cause of action not arising within this state, based upon a foreign statute and not relating to property within this state, and in which the defendant is a foreign corporation and the plaintiff a nonresident. The prohibition against the maintenance of such an action rests exclusively on the nature of its subject-matter. Where the lack of jurisdiction arises from the subject-matter of the action, then the objection may be raised at any stage thereof, according to well-settled law.

[2] Nor do we think that section 1780, as aforesaid, so far as it regulates the exercise of the general jurisdiction of the Supreme Court, may be challenged properly as an attempt to deprive said court of some part of its general jurisdiction conferred upon it by the Constitution. The courts of this state are not bound generally to assume jurisdiction of causes of action arising outside the state, which exist only between parties not residents of this state. Collard v. Beach, 81 App. Div. 582, 81 N. Y. Supp. 619, and cases cited. The provisions of section 1780, as aforesaid, declare the public policy of this state as to actions by nonresidents against foreign corporations, and in making the declaration the Legislature did not exceed its power. Apart from this statute, the courts have frequently applied a rule of public policy against the maintenance of similar actions; for, as was said in Pietraroia v. N. J. & H. R. R. & F. Co.; 197 N. Y. 434, 439, 91 N. E. 120, 122:

"As a question of policy, it is intolerable that our courts should be impeded in their administration of justice, and that the people of the state should be burdened with expense, in redressing wrongs committed in another state, for the benefit, solely, of its citizens, and where the remedy is in the enforcement of its statutes."

It follows that the judgment and order should be affirmed, with costs. All concur.