(173 App. Div. 653)

### KOWALCHEK v. BUCK RUN COAL CO.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. CORPORATIONS ⬦668(4)—FOREIGN CORPORATIONS—PROCESS—SERVICE.

Under Code Civ. Proc. § 432, service of summons on a foreign corporation by delivery to a resident director is invalid, unless the proof shows that there was no designation of a person to receive service under General Corporation Law (Consol. Laws, c. 23) § 16, that neither the person designated nor any of the officers specified in Code Civ. Proc. § 432, subd. 1, could be found with due diligence, and that the corporation has property in the state, or that the cause of action arose within the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2610; Dec. Dig. ⬦668(4).]

2. CORPORATIONS ⬦668(16)—FOREIGN CORPORATIONS—PROCESS—SERVICE.

Under Code Civ. Proc. § 1780, subd. 4, where proof of the service of summons on a foreign corporation in an action for personal injuries suffered in another state failed to show that corporation was doing business in the state, the court had no jurisdiction, and the service should be set aside.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2627; Dec. Dig. ⬦668(16).]

Appeal from Special Term, New York County.

Action by Adam Kowalchek against the Buck Run Coal Company. From an order denying a motion to set aside service of summons, defendant appeals. Reversed, and motion granted.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Howard Taylor, of New York City, for appellant.
Max Greenwald, of New York City, for respondent.

DAVIS, J. The court at Special Term denied defendant's motion to set aside the service of summons and the summons itself in this action. The plaintiff is a resident of Pennsylvania, and he brings this action against defendant, a foreign corporation, to recover damages for personal injuries sustained by him at the defendant's coal mines in Pennsylvania.

[1] According to the affidavit of service, the summons was delivered to and left with S. B. Thorne as managing agent and duly designated to accept service. The record here discloses no proof whatever that S. B. Thorne was the managing agent of the defendant, and indeed the plaintiff apparently abandoned this claim, and sought to

uphold the service on the ground that Thorne was a director. In order to make valid this service, therefore, it must appear, first, that there is no designation of a person to receive service as provided in section 16 of the General Corporation Law; second, that neither the person designated nor any of the officers specified in subdivision 1 of section 432 of the Code of Civil Procedure can be found with due diligence; and, third, that the corporation has property within this state, or that the cause of action arose within this state. See section 432, Code of Civil Procedure. As the above prerequisites to a valid service were not shown to exist, the service was invalid. Grant v. Cananea Cons. Copper Co., 189 N. Y. 241, 82 N. E. 191.

[2] The defendant moved to have the summons itself set aside on the ground of lack of jurisdiction. If there be any jurisdiction in the court to entertain this action, it must be because of subdivision 4 of section 1780 of the Code of Civil Procedure; that is, in a case where the defendant is doing business within this state. There is nothing in this record to show that the defendant was doing business within this state. For this reason the summons itself should be set aside for lack of jurisdiction. Jones v. Burr Brothers, Inc., 142 App. Div. 640, 127 N. Y. Supp. 478.

The order denying the motion to set aside the service of summons and to set aside the summons itself is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. Order filed. All concur.