THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL F. GLEASON, Respondent, *v.* LAWSON PURDY et al., as Commissioners of Taxes and Assessments of the City of New York, Appellants.

**Certiorari — assessment for taxation — when writ of cer-tiorari to review an assessment should not be quashed because relator charged illegality when he should have charged overvaluation.**

1. A writ of certiorari obtained to review an assessment should not be quashed upon appeal merely because the relator charged *illegality* when he should have charged *overvaluation* where no motion was made to quash the writ on that ground, and the court below found in favor of the relator on the ground that he was entitled under the statute (New York City Charter, L. 1901, ch. 466, § 889-a) to an exemption from taxation for the value of improvements on the ground that they consisted of a " building in the course of construction and not ready for occupancy." If the question had been raised, the court had power to correct by amendment all defects in matters of procedure and award the appropriate relief (Code Civ. Pro. § 2148-a).

2. In reviewing the total assessment in a case where section 889-a of the New York charter applies, the court may assume, in the absence of timely objection and of evidence to the contrary, that the assessment is erroneous to the extent of the difference between the value of the unimproved real estate as shown by the assesement roll and the total assessment. (*People ex rel. Soeurbee* v. *Purdy,* 222 N. Y. 657, distinguished.)

*People ex rel. Gleason* v. *Purdy,* 179 App. Div. 233, affirmed.

(Argued February 28, 1918; decided March 12, 1918.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 31, 1917, which affirmed an order of Special Term sustaining a writ of certiorari and directing reduction of an assessment for taxation levied against property of the relator.

The facts, so far as material, are stated in the opinion.

*William P. Burr, Corporation Counsel (William H. King* and *Charles J. Druhan* of counsel), for appellants. The statute does not require that every part of a building " in course of construction " must be ready for occupancy to warrant assessment and as five of the seven stores of the relator's building, which were designed to be used independently of the rest of the building, were ready for occupancy and were rented, occupied and open on the taxable status date, the building was not exempt from taxation. (*Buffalo City Cemetery* v. *City of Buffalo,* 46 N. Y. 506; *Roosevelt Hospital* v. *Mayor, etc.,* 84 N. Y. 108; *People ex rel. Westchester F. I. Co.* v. *Davenport,* 91 N. Y. 574.) There was but one assessment upon the lot and as the tax commissioners had jurisdiction to assess the property, no reduction of the assessment should have been granted in the absence of any claim of overvaluation or of proof showing that the assessment was excessive. (*People ex rel. New York Municipal Railway* v. *Purdy,* 220 N. Y. 668; *People ex rel. Soeurbee, Inc.,* v. *Purdy,* 222 N. Y. 658; *People ex rel. Tishman* v. *Purdy,* 222 N. Y. 657; *People ex rel. Straus* v. *Purdy,* N. Y. L. J., June 1, 1917; *Nat. Bank of Chemung* v. *City of Elmira,* 53 N. Y. 49; *Matter of N. Y., O. & W. R. R. Co.,* 155 App. Div. 866; *People ex rel. Strong* v. *Hart,* 216 N. Y. 513; *People ex rel. N. Y. M. Ry.* v. *Purdy,* 220 N. Y. 668; *People ex rel. N. F. H. P. & M. Co.* v. *State Board,* 202 N. Y. 426.)

*Joseph E. Haggerty, M. F. McGoldrick* and *Joseph B. Uniacke* for respondent. The assessment levied against relator's property for the year 1916 was illegal and the assessors had no jurisdiction to make the same. (*McCluskey* v. *Cromwell,* 11 N. Y. 593; *Johnson* v. *Hudson River R. R. Co.,* 49 N. Y. 455; *Benton* v. *Wickwire,* 54 N. Y. 226; *People ex rel. Hall* v. *Supervisors of Greene,* 13 Abb. [N. C.] 421; *People ex rel. Huntington* v. *Crennan,* 141 N. Y. 239.) Any defect in respondent's petition was

waived by appellants' failure to seasonably move to quash the writ or to seasonably urge such defect upon the trial. Appellants cannot now urge this objection for the first time. (*Matter of Corwin*, 135 N. Y. 245; *People ex rel. Commercial Mutual Ins. Co.* v. *Tax Comrs.*, 144 N. Y. 483; *Matter of the Cathedral of Incarnation*, 91 App. Div. 543; *People ex rel. Soeurbee* v. *Purdy*, 171 App. Div. 754; *Delaney* v. *Breet*, 51 N. Y. 78; *Stilwell* v. *Carpenter*, 62 N. Y. 639; *Fowler* v. *Bowery Savings Bank*, 113 N. Y. 450; *Whitman* v. *Foley*, 125 N. Y. 651; *Cunningham* v. *Fitzgerald*, 138 N. Y. 165; *McArdle* v. *Olcott*, 189 N. Y. 368.) The building erected upon the relator's real property herein was not completed and ready for occupancy on the 1st day of October, 1915; the assessors, therefore, were without power to assess the same. (*National Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49; *Ogden City* v. *Armstrong*, 168 U. S. 224; *McLean* v. *Jephson*, 123 N. Y. 142; *Donvin* v. *Strickland*, 57 N. Y. 492; *Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 86; *Williams* v. *Bd. Supervisors*, 78 N. Y. 561; *Matter of N. Y. C. Protectory*, 77 N. Y. 342; *People ex rel. Littman* v. *Wells*, 91 App. Div. 172; *A. & W. S. Ry. Co.* v. *Town of Canaan*, 16 Barb. 244; *M. L. Ins. Co.* v. *Mayor, etc.*, 144 N. Y. 494.)

POUND, J. Relator was assessed in the year 1916 on the value of a parcel of real estate, $45,000. Under sections 21–23 of the Tax Law, in all cities the value of the land exclusive of buildings thereon is set down in one column, before the column in which the value of the real estate is set down. (See, also, Greater New York Charter, sections 889, 892.) The assessment included the item of value of real estate unimproved, $12,000. Relator claimed an exemption from taxation to the extent of $33,000 for the value of the improvements on the ground that they consisted of "a building in course of construction and not ready for occupancy, commenced

since the preceding first day of October." Section 889-a of the New York charter (L. 1901, ch. 466) provides that such a building " shall not be assessed." The question litigated below was whether the building was in course of construction and not ready for occupancy, and the court was justified in finding in favor of the relator on that issue. The building was not ready for occupancy although some portions of it were, but nothing suggested that the relator had sought unfairly to take advantage of the provisions of the charter. The assessment was accordingly reduced to $12,000, the assessed value of the land exclusive of the building thereon.

Appellants now contend that the writ of certiorari obtained to review the assessment should have been quashed because the relator charged *illegality* when he should have charged *overvaluation* and that he is precluded from raising the issue of overvaluation. We so held in the case of *People ex rel. Soeurbee* v. *Purdy* (179 App. Div. 748; affd., 222 N. Y. 657), where a motion to quash the writ was made on that ground. The objection is highly technical. The sufficiency of the petition was not challenged in this case. No motion to quash the writ on that ground was made. The sole ground on which the appellant moved to dismiss the proceedings was that the relator had failed to show that his building was not completed and ready for occupancy. The figures of the taxing officers are *prima facie* evidence of the valuation of the unimproved real property and they were not questioned upon the hearing. If the question had been raised, the court had power to correct by amendment all defects in matters of procedure and award the appropriate relief. The Code of Civil Procedure, section 2148-a, in effect April 7, 1915, has somewhat liberalized the strict rules on this point. The case should not be disposed of unnecessarily on nice distinctions between an *illegal* assessment of the building

and a valuation of the property *excessive* because the value of the building was included. " The total assessment only can be reviewed " (Tax Law [Cons. Laws, ch. 60], §§ 21–23; *People ex rel. Strong* v. *Hart,* 216 N. Y. 513), and, strictly speaking, the buildings as such are not assessed separately, but in reviewing the total assessment in a case where section 889-a of the New York charter applies, we may assume, in the absence of evidence to the contrary, that the assessment is erroneous to the extent of the difference between the value of the unimproved real estate as shown by the assessment roll and the total assessment. The peculiar facts permit that question to be determined in the absence of a timely objection to the sufficiency of the writ.

The order of the Appellate Division should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO and ANDREWS, JJ., concur.

Order affirmed.