THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILIP GROSS-MAN, Respondent, *v.* HENRY M. GOLDFOGLE and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.   (Taxes of 1925.)

First Department, December 31, 1926.

Taxation — certiorari to review assessment of real property on ground of overvaluation and inequality — Tax Law, § 290, and Greater New York Charter, § 906, require statement in petition of facts showing overvaluation and inequality — such allegations are jurisdictional — amendment to show jurisdictional facts is unauthorized after first of July of year following assessment.

A petition in certiorari to review the assessment of real property in the city of New York on the ground of over valuation and inequality must, under section 290 of the Tax Law and section 906 of the Greater New York Charter, contain facts showing the over valuation and the inequality in the assessment; such facts are jurisdictional.

Therefore, where the petition contains no facts sufficient to confer jurisdiction, the court has no power to authorize an amendment thereto where the application is made after the first day of July following the year in which the assessment is made.

APPEAL by the defendants, Henry M. Goldfogle and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of May, 1926, denying their motion to quash a writ of certiorari and granting relator's motion to amend the petition.

*William H. King* of counsel [*Isaac Phillips* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the appellants.

*David M. Engelson* of counsel [*David Steckler*, attorney], for the respondent.

BURR, J. This is a certiorari proceeding brought to review an assessment for purposes of taxation for the year 1925 on real property designated as lot 37, block 405, section 2, borough of Manhattan, and known as 178 Avenue B.

The lot, including land and building, was assessed by the commissioners of taxes and assessments for the year 1925 at the sum of $89,000. The valuation was entered upon the annual record of assessed valuations of real estate, which was open for examination and correction from October 1, 1924, to November 16, 1924, as required by section 892 of the Greater New York Charter, at the following amounts: Land unimproved, $38,000; land with improvements, $89,000.

The relator seeks to review the assessed valuation on the grounds of overvaluation and inequality.

The petition for the writ states that the relator is the owner of the said real property assessed for the year 1925 at $89,000, which included value of unimproved land, $38,000, showing that the improvements were assessed at $51,000, and, after stating that the improvements consist of a brick apartment dwelling building, alleges:

" VI. The assessment of the said real property with the said real improvements at the sum of $89,000 is unequal and erroneous and also constitutes an overvaluation.

" VII. The assessment of the said plot of land is unequal in comparison with a similar plot on Avenue B in close proximity to the said real property, to wit:

" (a) Plot known as 180 Avenue B, immediately adjoining petitioner's plot, which plot is known as lot 36, block 405, comprising a plot of 20 feet frontage on Avenue B and 90.6 feet in depth, which land has been assessed at $10,000."

The petition then states: " That by reason of the above your petitioner has been injured thereby."

The petition further states that during the time the annual

record was open for examination and correction, the relator's predecessor in title, one Abraham Smith, made application to the defendants for a reduction of said assessed valuation to $70,000, setting forth that the assessment was unequal, erroneous and an overvaluation; that defendants denied the application and confirmed the assessment, and that subsequently, on or about January 8, 1925, the premises in question were conveyed to the relator.

The application to the board of taxes and assessments thus referred to for reduction of the assessment was not made a part of the petition and the petition contained no allegation as to the value of the property or the extent of any overvaluation and it failed to specify instances of inequality of assessment.

The defendants moved at Special Term for an order quashing the writ of certiorari and dismissing the proceedings on the ground that the petition failed to allege facts required by section 290 of the Tax Law (as amd. by Laws of 1916, chap. 323); that because of such failure the court was without jurisdiction to issue. the writ and that the writ should be quashed and the proceeding dismissed.

The Special Term granted the motion and in his opinion the learned justice at Special Term said: " Motion to quash the writ is granted. The petition fails in many respects to comply with section 290 of the Tax Law and in particular fails to state the extent of overvaluation (*People ex rel. Mills* v. *Purdy*, Law Journal, April 23, 1909, affd., 139 App. Div. 907). While it may be true that the petition and return may constitute the pleadings and may in the court's discretion be amended, yet there is nothing before me to justify my allowing an amendment. Settle order on notice."

After the decision was rendered and pending the signing of the orders .therein, the relator obtained from the same justice an order to show cause why an order should not be made herein permitting relator to amend the petition for the writ by adding at the end of paragraph " sixth " of the petition the following: " That the value of the said real property and improvements on October 1, 1925, was $70,000, and that the assessment as made is $19,000 in excess of the valuation of said property."

The motion for leave to amend coming on to be heard, the learned justice at Special Term took the view that the jurisdictional facts had been set forth in the petition and accordingly granted the motion.

The court said: " Motion to amend is granted. The amendment involves matters of form or expression only, as the jurisdictional facts were set forth in the petition but not properly amplified. Settle order on notice."

From the order thereupon entered allowing the amendment and,

upon filing such amended petition, denying the defendants' motion to quash the writ of certiorari, the defendants have appealed to this court.

Section 290 of the Tax Law provides as follows: " Contents of petition. Any person assessed upon any assessment-roll, claiming to be aggrieved by any assessment for property therein, may present to the Supreme Court a petition duly verified setting forth that the assessment is illegal, specifying the grounds of the alleged illegality, or if erroneous by reason of overvaluation, stating the extent of such overvaluation, or if unequal in that the assessment has been made at a higher proportionate valuation than the assessment of other property. on the same roll by the same officers, specifying the instances in which such inequality exists, and the extent thereof, and stating that he is or will be injured thereby. Such petition must show that application has been made in due time to the proper officers to correct such assessment. Two or more persons assessed upon the same roll who are affected in the same manner by the alleged illegality, error or inequality, may unite in the same petition."

And section 906 of the Greater New York Charter (Laws of 1901, chap. 466, as amd. by Laws of 1911, chap. 455) provides as follows: "A certiorari to review or correct on the merits any final determination of the board of taxes and assessments shall be allowed by the Supreme Court or any justice thereof, directed to the commissioners of taxes and assessments on the verified petition of the party aggrieved, but only on the grounds which must be specified in such petition, that the assessment is illegal, and giving the particulars of the alleged illegality, or that it is erroneous by reason of overvaluation, or in case of real estate, that the same is erroneous by reason of inequality, in that the assessment has been made at a higher proportionate valuation than the assessment of other real estate of like character in the same ward or section or other real estate on the tax-rolls of the city for the same year, specifying the instances in which such inequality exists, and the extent thereof, and stating that he is or will be injured thereby. Such certiorari and all proceedings thereunder may be had and taken in the judicial district where such real estate is situated, and may be begun at any time before the first day of July following the time when the determination sought to be reviewed or corrected was made."

The allegation in the petition as to the overvaluation is that contained in paragraph VI thereof, which reads as follows:

" VI. The assessment of the said real property with the said real improvements at the sum of $89,000 is unequal and erroneous and also constitutes an overvaluation."

The extent of the overvaluation is not stated nor is the market

value of the property stated from which the extent of the claimed overvaluation would appear.

Under such circumstances there was no basis for the court's statement in its opinion granting the relator's motion to amend the petition that " The amendment involves matters of form or expression only, as the jurisdictional facts were set forth in the petition but not properly amplified."

A petition which does not show that the property was assessed at a greater sum than that for which, under ordinary circumstances, it would sell, does not allege overvaluation. (*People ex rel. Warren* v. *Carter,* 109 N. Y. 576; *People ex rel. Greenwood* v. *Feitner,* 77 App. Div. 428.) If the relator had stated the fair market value of the property, then the extent of the overvaluation required to be stated by section 290 of Tax Law would appear by process of subtraction.

The question was considered by Mr. Justice DOWLING in *People ex rel. Mills* v. *Purdy,* wherein the court said (N. Y. L. J. April 23, 1909; affd., 139 App. Div. 907): " Nowhere does the petition in the paragraph wherein the overvaluation is sought to be asserted set up the amount or extent thereof, nor is there any statement of the fair market value of the property wherefrom the overvaluation can be deduced. This is fatal to the validity of the petition (*People ex rel. Warren* v. *Carter,* 109 N. Y. 576; *People ex rel. Sutphen* v. *Feitner,* 45 App. Div. 542; *People ex rel. Greenwood* v. *Feitner,* 77 App. Div. 428). Neither are any instances of inequality in assessment pleaded, and this also is fatal to the proceedings. Motions to quash granted."

The ruling in *People ex rel. Mills* v. *Purdy* (*supra*) has been followed in the case of *People ex rel. Hudson & Manhattan R. R. Co.* v. *Tax Comrs.* (143 App. Div. 26), the opinion, in part, reading as follows (p. 42): " The valuation should be stated in the petition and shown, as should the material facts, to show a disproportionate valuation, in order to enable the court to determine the questions presented for decision. (Tax Law, §§ 290, 293, as amd. by Laws of 1909, chap. 330; *People ex rel. Mills* v. *Purdy, No. 1,* 139 App. Div. 907.)"

Section 906 of the charter of the city of New York provides that the petition for the writ must state that the assessment " is erroneous by reason of inequality, in that the assessment has been made at a higher proportionate valuation than the assessment of other real estate of like character in the same ward or section or other real estate on the tax-rolls of the city for the same year, specifying the instances in which such inequality exists, and the extent thereof, and stating that he is or will be injured thereby."

The petition does not comply with the statutory requirement

contained in section 290 of the Tax Law, requiring that the extent of the alleged overvaluation must be set forth in the petition for the writ.

The only allegation in the petition as to the inequality is that contained in paragraph VII thereof, which reads as follows:

" VII. At the time when the said assessment was made and while the said assessment was open for review by the Commissioners of Taxes and Assessments of the City of New York, Abraham Smith, the then owner, claimed to be aggrieved by reason of said assessment, and in due time made application in due form as provided by law for the reduction of the sum to $70,000, and he duly presented certain matters of fact to the said Commissioners of Taxes and Assessments in writing, showing that the assessment was unequal, erroneous and an overvaluation and demanded that the said assessment made against said improvements be reduced, which application the said Commissioners of Taxes and Assessments denied and they confirmed the said assessment."

The petition does not state the market value of relator's property nor does it state the market value of any other properties in the same ward or section, nor does it give any statement showing the ratio of assessed value to market value of relator's property or of property generally in the city, or in the ward or section in which the property in question is situated, from which any inequality would appear by comparison. The petition does not, as the statute requires, specify instances in which the alleged inequality exists or the extent thereof.

The courts have uniformly held that where there is such failure to make the specifications required by the statute, such omission constituted a jurisdictional defect and the relator cannot obtain from the court relief upon the alleged issue of inequality    (*People ex rel. O' Neil* v. *Purdy,* 188 App. Div. 485; *People ex rel. Hudson & Manhattan R. R. Co.* v. *Tax Comrs.,* 143 id. 26.)

Section 906 of the charter provides as follows: " Such certiorari and all proceedings thereunder may be had and taken in the judicial district where such real estate is situated, and may be begun at any time before the first day of July following the time when the determination sought to be reviewed or corrected was made."

The section further provides that the writ shall issue " on the verified petition of the party aggrieved, but only on the grounds which must be specified in such petition."

The object of this provision of the statute is to limit the time in which a certiorari proceeding may be instituted. After the period of limitation has expired, the court may allow amendments of matters of form or expression, but cannot permit a jurisdictional

fact to be inserted in the petition. The relator should, therefore, have presented prior to the 1st day of July, 1925, a petition containing the necessary jurisdictional facts, as provided by statute. (*People ex rel. O' Neil* v. *Purdy*, 188 App. Div. 485.)

The question as to the right of the court to permit an amendment was raised in *People ex rel. Coney Island Jockey Club* v. *Purdy* (152 App. Div. 932) and after consideration of the application to amend, the Appellate Division in the Second Department denied the motion. The appeal taken from the determination of that court on the motion to amend was dismissed by the Court of Appeals (207 N. Y. 695).

The question of the right to amend was also raised in *People ex rel. Hussey* v. *Purdy* (N. Y. L. J. Dec. 12, 1912) and the court stated: " The court is without power to allow amendments."

Relator refers to the case of *People ex rel. Gleason* v. *Purdy* (223 N. Y. 88) in support of his contention that the court could amend. The court in that proceeding did not have before it any application to amend and decided solely that a motion to dismiss on the ground of a defective petition made at the trial of a proceeding after the filing of a return and the taking of proof, was untimely, and that the defects were waived. The court said (pp. 91, 92): " The sufficiency of the petition was not challenged in this case. No motion to quash the writ on that ground was made. * * * The peculiar facts permit that question to be determined in the absence of a timely objection to the sufficiency of the writ."

This disposition of the question so made by the Court of Appeals in the *Gleason* case was recognized by the Appellate Division in the case of *People ex rel. O' Neil* v. *Purdy* (*supra*). The court said (at p. 490): " The inference to be drawn is that if a motion to quash the writ had been seasonably made the same would have been granted. (See, also, *People ex rel. Gleason* v. *Purdy*, 223 N. Y. 88, 91.) "

We believe that the motion for leave to amend the petition should have been denied and the motion to quash the writ granted.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements to the appellants, the motion to amend the petition denied, and the motion to quash the writ granted, with ten dollars costs.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion of relator to amend the petition denied, and motion to quash writ of certiorari granted, with ten dollars costs.