HARRY DIETZ, Respondent, v. GEORGE M. HARRIS, Appellant.

First Department, November 4, 1927.

**Pleadings — complaint — amendment to introduce different cause of action, then barred by Statute of Limitations, not permitted.**

It was error for the court to refuse to strike out the second amended complaint, since it appears that the original complaint and the first amended complaint stated a cause of action for malicious prosecution and that the second amended complaint alleged a cause of action for slander, which at the time the second amended complaint was served was barred by the Statute of Limitations.

An amendment of a complaint, which sets up a cause of action different from the one originally stated, and which is barred by the Statute of Limitations, will not be permitted.

APPEAL by the defendant, George M. Harris, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 17th day of December, 1926, denying defendant's motion to strike out the second amended complaint.

*H. T. Mann* of counsel [*Yankauer, Davidson & Mann,* attorneys], for the appellant.

No appearance for the respondent.

McAvoy, J. The defendant moved to strike out a second amended complaint upon the ground that the amendment proposed could not properly be made as an amendment to the complaint, and, *secondly,* it was urged that the complaint was insufficient in law.

The original complaint was dismissed on motion because it insufficiently stated the cause of action for malicious prosecution of a proceeding in bankruptcy against the plaintiff. Upon being granted leave to serve an amended complaint the plaintiff again set forth an action based upon the alleged malicious prosecution of the same proceeding against the defendant, and the motion to strike this complaint out upon the ground that it did not allege that the litigation terminated in plaintiff's favor was granted, and the learned court granted leave again to serve another amended complaint. This second amended complaint alleges a cause of action for slander which is alleged to have occurred on November 26, 1923. At the time of the service of this amended complaint the Statute of Limitations had run on an action for slander, which limitation is fixed at two years from the time of the utterance of the slander under section 50 of the Civil Practice Act. The plaintiff thus proposes an entirely new cause of action under the guise of an amended complaint, which action would be barred by the Statute of Limitations if it had begun by original process.

The motion to strike out this second amended complaint on the ground that it was unauthorized or to dismiss it as insufficient in law was denied.

We think that this was an erroneous determination of the Special Term. Permission to amend the complaint contemplates an amendment which will cure the defects of the pleading without changing the essential basis of the cause of action which the party originally attempted to set out. To set up a new cause of action where such cause would be subject to the bar of the Statute of Limitations cannot be considered a mere amendment, and under the doctrine to be derived from the cases and writers on practice is not authorized. If there be instances in which a different cause of action may be substituted for that originally pleaded where the same result is sought to be reached, such amendment has heretofore been permitted only where it is specifically granted in the order allowing the amendment. In such instances the adverse parties must be informed of the nature of the proposed amendment prior

to the motion, usually by furnishing a copy of the proposed complaint to the adverse parties, or serving it upon such adverse parties as are entitled to be heard on the question, and thus the issue of prejudice of those parties' rights may be determined. Where the new proposed pleading introduces a cause of action which is barred by the Statute of Limitations since the beginning of the original action, it is the rule that such an amendment should not be allowed, except with leave to plead the statute as though the action had been brought at the time of the amendment.

It was error, therefore, to refuse to strike out this complaint.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.