DAVID McCONNELL, Respondent, Appellant, *v.* WILLIAMS STEAM-SHIP COMPANY, INC., and Another, Appellants, Respondents.*

First Department, November 17, 1933.

*Frederick H. Cunningham* of counsel [*Lucien V. Axtell,* attorney], for the plaintiff.

*James A. Gray* of counsel [*C. B. Dunham,* attorney], for the defendants.

O'MALLEY, J. The appeal herein presents two questions concerning three causes of action pleaded in an amended complaint in an action in the City Court of the City of New York. The first is concerned with the applicability of the two-year Statute of Limitations to the first cause of action; the second, with the power of the court to permit the inclusion of the second and third causes in the amended complaint.

The original complaint contained two causes of action, both

* See 146 Misc. 512.

seeking damages for personal injuries sustained by the plaintiff employed on board a vessel at dock. The first cause in the original complaint was held by the Appellate Term on a prior appeal to sound in negligence. (143 Misc. 426.) As judgment was demanded in the sum of $20,000, it was dismissed on the ground that the City Court had no jurisdiction since the complaint claimed a judgment in excess of $3,000. The second cause, which sought $5,000 damages for maintenance, was dismissed for like reasons.

Pursuant to leave given by the Appellate Term, the amended complaint herein was served. The first cause of action is for assault and battery, and judgment is demanded in the sum of $25,000, cognizable by the City Court. (N. Y. City Ct. Act, § 16, subd. 6; § 17.) The second cause of action was similar to the first in the original complaint, save that only $3,000 damages are claimed; while the third, substituted for the second in the original complaint, reduced the amount claimed from $5,000 to $3,000.

After the service of the amended complaint the defendants moved to dismiss the first cause on the ground that the Statute of Limitations had run; and the second and third causes on the ground that the Appellate Term was without power to permit the amendment.

The City Court denied the motion to dismiss the first cause and granted the motion with respect to the second and third. On appeal the Appellate Term reversed, striking out the first cause, but sustaining the second and third. (146 Misc. 512.)

We are of opinion that the determination of the Appellate Term in so far as it dismissed the first cause of action under the Statute of Limitations should be affirmed. On the first appeal to the Appellate Term it was held that the first cause sounded in negligence. We concur in that determination. As the first cause in the amended complaint was for assault and battery, an entirely different cause from that first pleaded, the defendants were entitled to plead the Statute of Limitations, computing the time as of the date of service of the amended complaint. (*Harriss* v. *Tams*, 258 N. Y. 229; *Dietz* v. *Harris*, 221 App. Div. 581.)

We are further of opinion, however, that with respect to the second and third causes, the determination of the Appellate Term should be reversed and both of these causes dismissed.

As already noted, the original complaint in both of its several causes of action claimed judgment in the City Court in excess of $3,000. The court had no jurisdiction of such an action. (*Spetler* v. *Jogel Realty Co., Inc.*, 224 App. Div. 612, 613; *Central Park-West 84th Street Corp.* v. *Cusack*, 130 Misc. 770.) " No subsequent

amendment will confer what has never been acquired." (*Matter of Byrne* v. *Padden*, 248 N. Y. 243, 247.) We do not agree with the Appellate Term that it was too late for the defendants to question the right to amend upon the second appeal, because there had been no attempt to review the order on the prior appeal granting leave to amend, both parties having acquiesced in such prior order. The defendants were not precluded from raising this point upon the second appeal to the Appellate Term, even though they had not raised it on the first. The question of jurisdiction as to subject-matter may be raised at any time. (*Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315; *Payne* v. *New York, Susquehanna & W. R. R. Co.*, 157 App. Div. 302, 305; *People ex rel. Cecere* v. *Slocum*, 161 id. 733, 734.)

It follows, therefore, that the determination of the Appellate Term, in so far as it reversed that part of the order of the City Court which granted defendants' motion to strike out the second and third causes of action, should be reversed, and the order of the City Court affirmed as to said causes of action; and said determination, in so far as it reversed that part of the order of the City Court which denied defendants' motion to strike out the first cause of action and granted said motion, should be affirmed, with twenty dollars costs and disbursements to the defendants.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Determination of Appellate Term, in so far as it reversed that part of the order of the City Court which granted defendants' motion to strike out the second and third causes of action, reversed, and the order of the City Court affirmed as to said causes of action; and said determination, in so far as it reversed that part of the order of the City Court which denied defendants' motion to strike out the first cause of action and granted said motion, affirmed, with twenty dollars costs and disbursements to the defendants.