SADIE WEINSTEIN, Plaintiff, *v.* OCCIDENTAL LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Kings County, June 29, 1954.

*Tanner, Friend, Kinnan & Post* for defendant appearing specially.

*Milton Berelson* for plaintiff.

ARKWRIGHT, J. Application is made by the defendant, Occidental Life Insurance Company, appearing specially to vacate and set aside the service of the summons herein on the ground that no jurisdiction has been acquired of the defendant by the plaintiff's, Sadie Weinstein's, service of process on the Superintendent of Insurance of this State.

Defendant is a California corporation with office and principal place of business in that State. The action is to recover a double indemnity under a claim of death by accidental cause. The single liability claim for death has been met. The insured was a resident of the State of California when the policy was obtained there. Subsequently, in July, 1950, he removed to New York and, at his request, premium payment notices were mailed to him here and he sent said payments through the mail.

Defendant's vice-president, who makes the moving affidavit, asserts that the defendant is not and has not been doing business in New York State, that it has delivered no contracts of insurance to residents of the State of New York, that it maintains no office or agency here, that it solicits no business here, has no telephone listing here and has no employees located in this State. It is not licensed to do business in New York State.

Plaintiff admits the defendant is not licensed to do business here. She does not dispute any of the sworn statements as above of the defendant's vice-president, merely asserting, through her attorney, that " plaintiff is in no position at this time to establish whether or not defendant engaged in any activities in the State of New York within the meaning of Section 59A of the Insurance Law of the State of New York. In commencing this

10

action in this Court deponent assumed that because of the size and volume of the business of the defendant, that it issued and delivered contracts of insurance to residents of this State, solicited applications for such policies and collected premiums therefor."

Plaintiff takes the position that, " if the defendant persists in this position that it is not engaged in business within the State of New York, then it should come forward with credible evidence to support its contention." Plaintiff asks that the matter of jurisdiction be referred to an official referee to take proof.

Even assuming that it is called upon so to do, defendant, by its sworn averments, has come forward with " credible evidence " which establishes its position prima facie and requires plaintiff to offer something of substance which would warrant a taking and weighing of proof. It is incumbent on plaintiff to do this (*Wollman* v. *Newark Star Pub. Co.*, 190 App. Div. 933; *Kowalchek* v. *Buck Run Coal Co.*, 173 App. Div. 653, 655). A mere negative attitude will not suffice.

On the showing of the papers on this motion, defendant's application to vacate is granted. Submit order.