■ MICHAEL DRISCOLL, Appellant, v NEW YORK STATE ATTORNEY GENERAL'S OFFICE LITIGATION UNIT, Respondent. [894 NYS2d 386]—

The motion court correctly denied claimant's motion for a default judgment as contrary to Court of Claims Act § 12 (1). Defendant, apparently receiving its first notice of this pro se matter on this appeal, also correctly asserts the lack of subject matter jurisdiction in the Court of Claims (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]; *Ranz v Sposato*, 77 AD2d 408, 409-410 [1980]; *McConnell v Williams S. S. Co., Inc.*, 239 App Div 393, 395 [1933], *affd without op* 265 NY 594 [1934]), since the underlying claim, inter alia, does not comply with the pleading requirements of Court of Claims Act § 11 (b) (*see Kolnacki v State of New York*, 8 NY3d 277, 280 [2007]; *Lepkowski v State of New York*, 1 NY3d 201, 206-207 [2003]) and seeks judicial review by the Court of Claims of claimant's divorce proceedings (*see* Court of Claims Act § 9 [2]). Hence, such dismissal is warranted. Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.