JOHN CAPERNA, Respondent, *v.* WILLIAMS-BAUER CORPORATION, Appellant, et al., Defendants.

Supreme Court, Appellate Term, First Department, January 4, 1945.

*Emanuel Tacker* for appellant.

*George M. Aronwald* for respondent.

EDER, J. Plaintiff sues under section 16 of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 216, subd. [b]) to recover overtime compensation; he originally worked for the appellant Williams-Bauer Corporation from October, 1938, to February 28, 1942, and for the defendant Conti-Williams Corporation from July, 1942, to May 26, 1943. He brought this action against both defendants and united them in the one suit under a single cause of action seemingly on the theory that as to him they constituted but a single entity and sole employer.

The complaint alleged that sum due for unpaid overtime compensation was $1,000; a like sum as liquidated damages was claimed under said act and a reasonable allowance for counsel fee and judgment was demanded accordingly. Upon the trial it was the plaintiff's claim that more than $1,000 was shown to be due for overtime compensation, viz., from Conti-Williams, $360.02, and from Williams-Bauer, $1,875.06; plaintiff moved to amend the complaint to conform it to the proof; the motion was granted over defendants' protest and the complaint amended to demand recovery for the sums claimed.

The amendment having been allowed as requested, the defendants then moved to dismiss the complaint upon the ground that the effect thereof was to deprive the court below of jurisdiction *ab initio* by demanding a recovery in a sum in excess of its jurisdictional limitation; the defendants' position was that an amended pleading relates back to the date of the commencement of suit and must be considered as if it were the original pleading in the action. Plaintiff's counsel thereupon moved to amend the complaint to allege that the unpaid overtime compensation due from appellant did not exceed the sum of $1,500, aside from the statutory liquidated damages in like amount, and also moved to waive a recovery against any defendant of any sum in excess of $3,000 in order to keep within the jurisdictional amount. Defendants objected, without avail; they advanced the premise that as the court never acquired jurisdiction *ab initio* because the demand for judgment was in a sum in excess of jurisdiction if could not permit any amendment and maintained that it could not do otherwise than dismiss

the action for want of jurisdiction. Appellant relies on *McConnell* v. *Williams Steamship Co., Inc.*, (239 App. Div. 393) and *Central Park-West 84th Street Corporation* v. *Cusack* (130 Misc. 770).

Plaintiff's proof consisted solely of his recollection as to the number of hours of alleged overtime work; he kept no records; this memory evidence was the same with respect to both defendants; he testified that as to both he never worked less than seventy-two hours per week; that that was the minimum; that on some occasions he had worked longer hours, but at no time less than seventy-two hours per week. His claim was denied by both defendants. The jury, though disbelieving him as to his claim against Conti-Williams, nonetheless returned a verdict in his favor against the appellant. The customary motions to set aside the verdict and for a new trial were made and denied; this appeal results.

Appellant seeks reversal, urging that the complaint should have been dismissed for want of jurisdiction; that plaintiff's testimony, given some years later, as to the number of hours of alleged overtime work, and resting solely on memory, was insufficient as evidence and incredible as proof; also, that the verdict, being based in both instances on the same evidence as to the number of hours of alleged overtime work, is inconsistent and that the verdict against the appellant should have been set aside.

We have come to the decision, for the reasons currently given, that the first and second assignments of error cannot prevail; but we are of opinion that the third ground of error presented is substantial and requires the granting of a new trial.

1. As to the first point, that the action should have been dismissed for want of jurisdiction, the *McConnell* and *Central Park-West* cases (*supra*), upon which the appellant strongly relies, are found to be inapplicable to the facts in the case at bar, the distinguishing feature being that in those cases the demand for judgment was for a sum in excess of the court's jurisdiction and it was held this deprived the court of authority to later grant any amendment because it was powerless to act in a cause over which it had never acquired jurisdiction. In the instant case, however, the sum originally demanded was proper and hence the court below gained jurisdiction at the very inception of the suit.

The question then is whether the court, having properly acquired jurisdiction at the outset, could divest itself thereof

by virtue of doing some subsequent act which was beyond its power, such, for example, as was done here. On this point the briefs of counsel are destitute of citation of authority; independent research discloses that in other States where the question has arisen or was one of related character the courts are in accord that the subsequent act in excess of jurisdiction does not shear from the court the jurisdiction which it initially rightfully possessed; that the cause continues unaffected by the unauthorized act which is disregarded and treated as though it had never taken place (*Shankle* v. *Ingram,* 133 N. C. 254, 259; *Finch* v. *Baskerville,* 85 N. C. 205, 207; *Fort Worth & D. C. Ry. Co.* v. *Underwood,* 98 S. W. 453 [Tex.]; *Ross* v. *Anderson,* 1 Tex. Civ. App. Cas. 580).

In *Koppel* v. *Heinrichs* (1 Barb. 449, 451) it is declared that "The general rule on the subject of jurisdiction is that it depends on the state of things at the time the action is brought; and if the circumstances be such, then, as to vest jurisdiction, the same cannot be ousted by any subsequent event." In the *Fort Worth* case (*supra*) it was held that where a court rightfully obtains jurisdiction, it may retain it for the purpose of rendering judgment, notwithstanding an amended pleading, filed on the eve of trial, prayed for a recovery of an amount in excess of the statutory limitation.

In the *Ross* case (*supra*) an action was brought in a justice's court in a sum of which it had jurisdiction; an amendment resulted in setting up an additional cause of action which increased the plaintiff's demand to an amount exceeding the jurisdiction of the justice's court; it was held that the improper amendment did not affect jurisdiction. The court, per QUINAN, J., said: "The amendment was clearly inadmissible, and could not have the effect of destroying the plaintiff's right upon his original demand, for which his suit was properly brought."

The conclusion reached in the cited cases is regarded as sound.

Respecting appellant's contention that the amendment which was granted operates back as if the amended pleading was the original pleading at the commencement of the action, that is undoubtedly so (*Meeks* v. *Meeks,* 87 App. Div. 99) and would ordinarily be considered important, but in our opinion it is without effect here because the court below was without power to grant the amendment in the manner that it did; the granting of an amendment presupposes the possession of authority to allow it; the trial court lacked the power to permit an amendment which would incorporate in the complaint a demand for

a sum beyond its jurisdiction to award and which would have the effect of ousting it of the jurisdiction originally rightfully acquired.

In line with the views expressed in the mentioned cases the action of the trial court is sanctioned to the extent only that it possessed the power to increase the demand to a sum within its jurisdiction and beyond that point its action and ruling are treated as a nullity and disregarded.

The appellant's contention of lack of jurisdiction must, therefore, be held to be untenable.

2. Appellant claims that the verdict and judgment rest on insufficient evidence and on incredible testimony and therefore cannot be sustained. It is the appellant's assertion that in order for plaintiff to recover it was incumbent upon him to prove the *exact* number of overtime hours he claimed he worked; also, that his testimony was founded on memory only, given four or five years later, and hence must be regarded as incredible. Regarding the first feature, it is not essential that plaintiff prove his damage with mathematical precision. (*Butler* v. *M. R. Co.*, 143 N. Y. 417, 422.) As to the second, memory evidence is both competent and admissible and the reason therefor is clear, for trials involving questions of fact are seldom *de recenti facto*; in the interval between occurrence of event and trial the testimony of witnesses in the greater number of instances of necessity depends on recollection; the extent of credence and the weight and effect to be given to such evidence in balancing the testimony by any witness against opposing testimony is another matter — something for the trier of the facts to consider, and will detract, more or less, according to circumstances; but it is, nevertheless, competent and admissible proof; indeed, judicial notice is taken that in the case of persons unable to read and write they are compelled to depend upon their memories and cannot rely upon written memoranda. (*Matter of Cross*, 85 Hun 343, 355.)

Nor does such testimony become inadequate because it rests on memory alone; if believed, and not founded on conjecture or surmise, it is adequate and sufficient. Nor is testimony rendered incredible because it is predicated on memory alone and is given years after the occurrence of the event.

It is readily perceivable that ample cause or reason may exist to create an indelible impression regarding a particular fact and which may furnish a ground for reasonable belief that the witness, though testifying solely from memory, and years later, is yet giving evidence which is truthful and dependable, and if

accepted by the trier of the facts is sufficient to support a recovery. It is illustrated here in the narrative of the plaintiff as to his ability to fix the number of overtime hours that he claims to have worked; he spoke of an unchanging routine; that he never worked less than seventy-two hours per week throughout the entire period of his employment; that this was a constant, continuous, unvarying procedure.

It is therefore not at all incredible that he could testify solely from memory, and years later, that he never worked less than seventy-two hours per week; the existence of such a fact could, within reason, indelibly impress itself on his mind, and thus enable him to give such testimony, and this without necessarily rendering it incredible. Testimony is incredible when it is so extraordinarily in conflict with probability, or so utterly hostile to reason and intelligence, as to become so nearly impossible that it ought not to be believed by the trier of the facts. (*Salchert* v. *Reinig,* 135 Wis. 194; *People* v. *Galbo,* 218 N. Y. 283, 292.) The testimony of the plaintiff, in the circumstances shown, is not brought within that category.

We are therefore disinclined to interfere with the verdict on these grounds.

3. However, with respect to the point that the verdict is inconsistent, in the manner rendered, the view is entertained that it comes within the rule that a verdict in favor of one defendant, based upon conflicting evidence, which is the same as to both defendants, cannot be permitted to stand. (*Hyatt* v. *N. Y. Cen. & H. R. R. R. Co.,* 6 Hun 306; *Gray* v. *Brooklyn Heights R. R. Co.,* 72 App. Div. 454.)

The appellant argues that the inconsistency is apparent from the fact that plaintiff insisted that during the period of July, 1942, to May, 1943, when his employer was the Conti-Williams Corporation, he worked seventy-two hours per week at least, just as he had worked from November, 1938, to February, 1942, when employed by the appellant; that a verdict in favor of Conti-Williams, is, therefore, wholly inconsistent with a finding in favor of the plaintiff against the appellant; that if plaintiff was telling the truth as to the number of hours he worked each week as to one, he was telling the truth as to the number of hours he worked each week for the other; if he lied as to one, he lied as to the other.

The respondent appreciates the nature and force of the contention and endeavors to meet and overcome it with the argument that for the purposes of this action the plaintiff's claims are to be treated as if they were tried separately; that the jury

could find no case proved as to one but proved as to the other. It is not an adequate reply; a like suggestion was proffered in *Gray* v. *Brooklyn Heights R. R. Co.* (*supra,* p. 454) and was rejected; the court said: '' Both actions were tried at the same time before the same jury, and submitted together upon the same evidence. The jury rendered a verdict in favor of the wife for a substantial amount, but rendered a verdict against the husband in favor of the defendant. * * * This appeal presents the question whether, under such circumstances, the verdict rendered against the husband may be permitted to stand.

'' In determining this appeal we are not at all concerned with the question whether, upon separate trials or under peculiar and exceptional conditions, a verdict in favor of the wife and one against the husband might not be so supported respectively as to be each upheld. The question here is whether, in a case where the husband and wife are living together in apparent harmony, upon a single trial two conflicting results reached on precisely the same evidence may be lawfully approved, and our conclusion is that such approval would be illogical and unjust.''

The verdict rendered at bar, as we view it, is in effect a declaration by the jury that the testimony of the plaintiff, though disbelieved as to Conti-Williams, is true as to appellant, though based on the same evidence; it results in an anomaly and cannot be permitted to stand. It is a typical instance where the maxim *Falsus in uno, falsus in omnibus,* applies.

Accordingly the judgment so far as appealed from and order are reversed and a new trial ordered, with costs to appellant to abide the event.

HAMMER and McLAUGHLIN, JJ., concur.

Judgment and order reversed, etc.