LAURA KESSLER, Plaintiff, *v.* CLIFF FROCKS, INC., Defendant.

Supreme Court, Trial Term, Kings County, April 6, 1945.

*Oscar A. Meyerson* for plaintiff.

*Harte & Natanson* for defendant.

F. E. JOHNSON, J.  In this action by an ex-employee for over-time under the " Wages and Hours Law" (Fair Labor Standards Act of 1938; U. S. Code, tit. 29, § 201 *et seq.*) the record contains a statement of the grounds for finding that the plaintiff has, by a fair preponderance, proven that she was within the statute and did work overtime.  A decision as to how much overtime there was is more difficult because of the absence of any contemporaneous writing on the subject of her hours of work.

There are decisions indicating that the absence of such proof precludes a finding that she has worked any specified number of hours.  A writing by the plaintiff would be a self-serving record corroborative of claims of fact, of which the primary proof would be oral testimony.  There are cases where the doing of the work is registered automatically by machinery, whereupon the record might be the best evidence; when how-ever the work is not of that nature but, as here, the making, cutting, altering, etc., of dress patterns, the best evidence is the oral testimony by those who know of their own knowledge what was done.  Any writing would be collateral proof and merely corroborative.  It does not seem to be the law that a plaintiff may not recover in the absence of corroboration; especially does it not seem to be the law that a plaintiff may not recover in the absence of written corroboration.  The decisions cited by the defendant, where the plaintiff was dis-missed on the theory that the absence of a written record pre-cluded a finding for the plaintiff, really should be read as holding that in the absence of a contemporaneous corroborative writing the unsupported testimony of the plaintiff was not so convincing as to present a fair preponderance of evidence.  In certain criminal cases corroboration is required as a matter of law, but if any of these decisions can be read to hold that a plaintiff who has no written record of the hours of work must be dis-missed it seems to be contrary to the fundamental principle that no plaintiff in a civil action is required to prove the claim by written evidence.  If that were to be the test under this statute, one who had been persuaded by the employer that he was not within the law, and who thereupon kept no record of overtime, but had a host of witnesses who could prove it of their own knowledge, must be dismissed; the mere statement of that claim evidences its unsoundness.  A much more reliable authority is *Caperna* v. *Williams-Bauer Corp.* (184 Misc. 192) where, although the plaintiff had no written record and no written

corroboration, the court, on appeal, did not dismiss, but ordered a retrial.

When the question of veracity is solved computation will be possible; plaintiff's overtime can be computed if she is believed. She was, on certain specific points, sufficiently confused and unconvincing to warrant finding her to be wrong about them; this relates particularly to certain holidays, holy days, and Saturdays.

As so often happens the veracity of a witness is made more or less apparent by the testimony of others, particularly those on the other side; in this case claims by the plaintiff that seemed improbable upon her direct case have seemed more than probable in view of certain testimony against her. The conflicts and contradictions in defendant's proof exposed what is either lack of knowledge on the points testified to by those witnesses or an unwillingness to be truthful.

As is apparent in the court's statement on the record the probabilities are valuable in this second branch of the case in order to test all witnesses; if as seems probable failure of the plaintiff and defendant to keep any record of her hours is indicative of their joint belief that the statute did not include her, the corollary naturally seems to be that she believed that she had no choice except to work the length of time necessary to do her work if she hoped to hold her position. I find that to be the fact.

It is evident that she was a slow and fussy worker, whom the head of the concern had to help out, which ought not to happen unless she was under such pressure of work as to require help. After the designer submitted a complete proposed design there would be discussion resulting in modifications that often included extra pattern cutting; since she undoubtedly worked overtime it is proof of either a quantity of work that could not normally be handled during the " union day " or her personal inability to do her job within the union day. Her slowness, and the consequent need to work overtime, fit each other and warrant finding a continuous incapacity on her part to do her work within union hours.

This question has its veracity aspect too; there was corroboration of her general claim; there was also the corroboration that can be found from the failure of the defendant to obey the statute. The law did not require that records be kept merely of those who were entitled to overtime, but obliged the keeping of all time records. No such records were kept as to the plaintiff

and the explanation that the accountant advised that she was outside the statute seems peculiar; no one who had any knowledge of the law's provisions would so decide in view of the nature of her work, or would fail to note the statutory obligation to keep records of all employees.

The conflict between Bernstein and Reback weakens the veracity of both of them, and indicates the truth of the plaintiff's contrary statements. The former employee called by the defendants put herself working in the shop at hours when the officers claim the place was closed.

The plaintiff's veracity is one thing, and her mistaken recollection of details is another, which is equally true of the defendant officers, but in terms of the apparent desire to tell the truth the decision should be for the plaintiff. The finding to that effect is partly destructive of the basis on which her version was attacked. There is disinterested corroboration of plaintiff, and the probabilities favor her claim. She is not the type whose memory on dates and amounts would be impressive, and having in mind her background, as it appeared, and her personality, and her style of testifying, it is fair to give her credit for being merely mistaken on many points rather than having falsely claimed them.

The record she produced is ignored, not because it was prepared for use but because it is a subsequent notation of her recollection, is self-serving, and has no more probative value than her oral testimony. To give the defendant the benefit of all possible errors of recollection or other mistakes by the plaintiff there will be no allowance for holidays with pay, and instead of the $1,027.89 claimed by the plaintiff as unpaid wages the amount awarded is $900; which is not accurate to the penny but is substantially so. Adding to this sum the statutory penalty makes an award of $1,800, which carries interest and to which will be added a counsel fee. If it is necessary to do so the matter may be brought on for that fee purpose on two days' notice. A ten days' stay of execution will be granted.