Royce Haulage Corporation, Landlord, Respondent, *v.* Bronx Terminal Garage, Inc., Tenant, Appellant, et al., Undertenants.

Supreme Court, Appellate Term, First Department, September 14, 1945.

*Michael C. Bernstein* and *Elihu W. Goldin* for appellant.

*Karl Propper* for respondent.

EDER, J. The premises involved in this summary proceeding were leased from the predecessor of the present landlord under a ten-year lease which expired March 31, 1945, and have at all times been used and occupied as a public garage. The landlord-respondent is the sole owner of seventy-five coal trucks and of the business of renting the same; it is the owner of record of the property in suit which it acquired by purchase on May 23, 1945. It instituted this proceeding upon the ground that it requires the premises for its own immediate use.

Respondent is a domestic corporation organized October 25, 1937, and since then has conducted its business at its present premises situate on the north side of 136th Street between Madison and Fifth Avenues, Manhattan. It is the sole owner of its business. Some time ago it was notified that the premises occupied by it had been sold for redevelopment purposes and that a housing development would be constructed pursuant to the statute governing the same; thereupon the respondent's president began to seek for new and suitable quarters needed for its particular type of trucks and ultimately the premises in concern were purchased for its immediate use; the purchase price was $89,000 of which the respondent paid in cash the sum of $65,250.

The record fully establishes that the respondent desires the premises in good faith for its own immediate use and that such immediate use is imperative; it has met the requirements prescribed by subdivision (d) of section 8 of chapter 3 of the Laws of 1945, as amended by chapter 315 of said Laws, and is entitled to possession unless the appellant is entitled to remain under some legal right as claimed.

The respondent claimed that the tenant-appellant herein was permitted to remain after the expiration of its term on March 31, 1945, as a month-to-month tenant, and having been given notice to vacate, and having refused to do so, the landlord herein sought to obtain possession by the institution of this summary proceeding.

The appellant denied this claim and asserted that it had been assured by the landlord that it could remain in possession until the end of the war at which time a new lease would be negotiated.

Upon the trial the contention of the appellant's counsel was that as the tenant had refused to remain as a month-to-month

tenant and as it continued to remain in possession after the expiration of the term, by operation of law appellant became a holdover tenant for another year. Landlord's counsel moved for a directed verdict pursuant to the provisions of section 457-a of the Civil Practice Act, upon which decision was reserved. The court charged the jury that the only question involved was as to the intention of the parties, whether they agreed that the appellant was to remain on a month-to-month basis, as claimed by the landlord, or whether the appellant became the recipient of a lease for one year from March 31, 1945, by virtue of the actions of the parties. The jury returned a verdict for the tenant which the court later set aside and thereupon made a final order awarding possession to the landlord.

Upon this appeal the tenant appears to take two positions, viz., (1) that the tenant's proof showed that it had been assured that it could remain in possession until the end of the war at which time a new lease would be negotiated, and (2) that by virtue of the conduct of the parties it became a holdover tenant for another year.

There is no merit in the first claim, assuming the truth thereof. Such assurance, even if given, does not constitute a contract; at most, it was a mere promise that negotiations would be considered looking to the possibility of the making of a new lease. Negotiations look to the future; they are the deliberations which take place between the parties touching a proposed agreement (*Werner, Appellant, v. Hendricks et al.*, 121 Pa. Superior Ct. 46). Negotiations are preliminary discussions; here there was not even that, for negotiations for a new lease were not to ensue until after the end of the war. A promise to negotiate at a future time is not a contract; such a promise means no more than a contemplated discussion in arranging the terms of a contemplated contract; it might never take place, or if it did take place, might never eventuate into a contract; the discussions might never bear fruit; reliance upon such assurance created no contractual right to remain and the position of the tenant after March 31, 1945 (except for the emergency Commercial Rent Law), was that of a tenant holding over after the expiration of his term (*Smith v. Coe*, 55 N. Y. 678, 680).

I shall consider this question, further, whether the appellant became a holdover tenant for another year and in this connection shall view it from two angles: Firstly, in order to create that status and relationship it must be shown that the tenant has continued to remain on the landlord's terms and

results from the conduct of the landlord after the expiration of the term of the lease; but there can be no holding over where the landlord has outspokenly imposed the terms of the post-lease occupancy; here, the tenant refused to accept the terms proposed by the landlord for the post-occupancy and hence no holdover tenancy resulted (1 McAdam on Landlord and Tenant [5th ed.], p. 103, and cases cited).

Secondly, chapter 315 of the Laws of 1945 has, for the period therein prescribed, eliminated the holdover tenancy, and after the expiration of the term such tenancy continues as a statutory tenancy under said act. The appellant, therefore, now continues in possession as a statutory tenant and not as a holdover tenant and is entitled to remain in possession during the life of that law as now in effect or if subsequently extended, and the landlord may not evict it unless the landlord has brought itself within the statutory exception provided for in subdivision (d) of section 8, as I believe it has.

As I comprehend it the remaining issue then, is whether the trial court was warranted in setting the verdict aside pursuant to section 457-a of the Civil Practice Act and in directing a verdict for the landlord. Upon this point the appellant argues that another trial should have been granted because a determinative question of fact was involved. This involves a consideration of the evidence.

If the verdict of a jury is unsupported by sufficient evidence, wholly insufficient in point of law to sustain the suit or defense, it is the duty of the court to set aside the verdict and where a motion has been made for a directed verdict and decision was reserved thereon the court may upon setting the verdict aside grant the motion and direct a verdict (Civ. Prac. Act, § 457-a).

Evidence which is insufficient is held to be, in law, no evidence (*Matter of Case,* 214 N. Y. 199, 204). It has been said that " The sufficiency of evidence ' reasonably to satisfy a jury ' cannot be mechanically measured " (*Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241, 246); the test which has been applied as a standard of measurement has been expressed in various forms; thus, in the *Blum* case (*supra*) it is held that testimony is insufficient as a matter of law when it is incredible, i.e., " where no reasonable man could accept it and base an inference upon it." (P. 246.)

It is also declared that testimony is incredible when it is so extraordinarily in conflict with probability or so utterly hostile to reason and intelligence, as to become so nearly impossible that it ought not to be believed by the trier of the facts (*People* v. *Galbo,* 218 N. Y. 283, 292; *Caperna* v. *Williams-Bauer Corp.,* 184 Misc. 192; *Salchert* v. *Reinig,* 135 Wis. 194).

In *Metropolitan Railroad Co.* v. *Moore* (121 U. S. 558, 569, 570; followed in *Gunn* v. *Union Railroad Company*, 27 R. I. 320) the court defined insufficient evidence, as follows: "Insufficiency in point of fact may exist in cases where there is no insufficiency in point of law; that is, there may be some evidence to sustain every element of the case, competent both in quantity and quality in law to sustain it, and yet it may be met by countervailing proof so potent as to leave no reasonable doubt of the opposing conclusion. * * * So upon the whole evidence in the case the testimony in support of the cause of action, or of the defense, may be so slight, although competent in law, or the preponderance against it may be so convincing, that a verdict may be seen to be plainly unreasonable and unjust."

It would serve no useful purpose to here analyze the evidence in detail and to do so would extend this opinion to undue proportions; it is sufficient to say that the claim of a holdover tenancy, upon which the tenant-appellant relies, is unsupported by sufficient evidence and has been met by such convincing proof "as to leave no reasonable doubt" that a verdict for the tenant is "plainly unreasonable and unjust."

The final order appealed from should be affirmed, with $25 costs.

SHIENTAG, J. (dissenting). I dissent. While the trial court may have been justified in setting the verdict aside as against the weight of the evidence, it was without power, under the authorities, to direct a verdict against the tenant (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; *Ruthizer* v. *Bass Dress Corp.*, 264 App. Div. 372, 373). The testimony of the tenant, if believed by the triers of the facts (and the jury did find in favor of the tenant) was sufficient to establish a tenancy "until the end of the war." That testimony, although open to suspicion, was not "incredible as matter of law." The final order should be reversed and a new trial ordered.

HAMMER, J., concurs with EDER, J.; SHIENTAG, J., dissents in opinion.

Order affirmed.