## DE PASQUALE et al. v. WILLIAMS-BAUER CORPORATION et al.

### No. 50.

Circuit Court of Appeals, Second Circuit.

Nov. 2, 1945.

Emanuel Tacker, of New York City, for appellants.

George M. Aronwald, of New York City, for appellees.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

Each of the three plaintiffs was employed, at first by Williams-Bauer Corporation and after July 1, 1942, by Conti-Williams Corporation, as a salvage worker at a municipal incinerator plant where the employers were successively engaged in salvaging waste materials. Claiming that they had not been paid in accordance with the requirements of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., the plaintiffs brought the present action to recover overtime compensation, liquidated damages and attorney's fees. De-Pasquale claimed from his first employer overtime pay of $1310 for the period from January 4, 1939, to July 1, 1942, and from his second employer $224.15 for the period from July 15, 1942, to January 13, 1943, plus like amounts for liquidated damages. The jury's verdict allowed his claims in full. The overtime claimed by Joseph Ciminna was $751.64 from September 13, 1939, to February 25, 1942, and $125.19 from July 15, 1942, to January 20, 1943. He also recovered full overtime with like amounts for liquidated damages. Morton's claim for overtime was $1243.69 from January 24, 1940, to February 25, 1942, and $191.72 from July 15, 1942, to September 16, 1942. The jury's verdict reduced his claims for overtime by $147 and $15.52 respectively, these being the exact amounts he claimed for work on Sundays. The trial judge awarded counsel fees aggregating $1,000. From the judgment entered for the plaintiffs the defendants have appealed, urging as reasons for reversal (1) that the testimony of the plaintiffs is unworthy of any credence; (2) that the conduct of plaintiffs' counsel prejudiced the jury against the defendants; (3) that exhibits 4 and 8 were improperly received in evidence; and (4) that an interlocutory order striking out special defenses was erroneous.

The defendants' first point is futile; it asks us to usurp the functions of the jury. Each plaintiff testified to the time he came to work, the time he left, the time allowed off for lunch, and the total numbers of hours he worked per week during the period of his employment. The amount paid him weekly appeared from the defendants' records. If each plaintiff did actually work as many hours per week as he said, he was entitled to the amount of overtime compensation which the jury's verdict gave him. The defendants offered evidence to contradict the plaintiffs' testi-

mony as to the number of hours they worked, and the issue was left to the jury under a proper charge. Counsel points to inconsistencies and contradictions in the testimony of each of the plaintiffs and to instances where he was contradicted by one or both of his co-plaintiffs. But where the truth lay was plainly for the jury and is not open to review on appeal. The plaintiffs were extremely ignorant men; they naturally kept no records of the hours they worked, but lack of records does not preclude them from obtaining the protection which the statute affords to employees. There was nothing inherently incredible in their testimony. See Caperna v. Williams-Bauer Corp., 184 Misc. 192, 53 N.Y.S.2d 295.

The alleged excesses of the plaintiffs' attorney during the trial and in his summation present no ground for reversal. Indeed, they are too trivial to merit discussion. This is likewise true of the alleged errors in receiving in evidence exhibits 4 and 8.

Finally, the appellants challenge the interlocutory order which struck out six of the seven special defenses raised by their answer. The stricken defenses were (1) payment, (2) account stated, (3) estoppel, (4) failure to lessen damages, (5) release, and (6) accord and satisfaction, the last two being restricted to Morton's claim against Williams-Bauer Corporation.

As to the first defense it will suffice to say that no facts were pleaded to show that the plaintiffs were paid in accordance with the requirements of the statute.

The second defense pleads in substance that an account stated was presented to each plaintiff at each weekly pay day, showing the number of hours worked by him and the wages due him for straight time and overtime, and that he made no complaint or objection to the account stated but accepted the wages shown thereon. Like the first, this defense is insufficient in that it fails to show payment of the statutory compensation. Since an express agreement to work for less than the statutory rates is invalid (see Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 577, 62 S.Ct. 1216, 86 L.Ed. 1682; Tennessee Coal, Iron & Railroad Co. v. Muscoda Local No. 123, 321 U.S. 590, 602, 64 S.Ct. 698, 88 L.Ed. 949, 152 A.L.R. 1014; Walling v. Helmerich & Payne, 323 U.S. 37, 42, 65 S.Ct. 11),

surely an account stated can stand no higher.

■■ The third and fourth defenses are based on obviously fallacious theories. The third rests on the theory that the employee's failure to object promptly to the weekly accounts stated prevented his employer from complying with the statute and estops the employee from claiming overtime and liquidated damages. In similar vein the fourth defense asserts ·that each plaintiff was under a duty promptly to claim any overtime that might be due him in order to lessen the damages and liquidated damages which might thereafter accrue.

■ More can be said in support of the fifth and sixth defenses, but we think that neither of them falls within the caveat which we threw out in Gangi v. D. A. Schulte, Inc., 2 Cir., 150 F.2d 694. It was there suggested that in the case of a genuine dispute as to the amount of labor actually performed, the parties may work out a fair adjustment of the dispute. Neither defense pleads adequate facts to show the applicability of this suggestion. We find no error in the interlocutory decree.

Accordingly the judgment is affirmed with costs and an allowance of $300 for the services of the appellees' attorney in this court.