[No. 31980. Department Two. May 1, 1952.]

Vi Finch, *Respondent*, v. King Solomon Lodge No. 60 *et al., Appellants.*

King Solomon Lodge No. 60 *et al., Appellants,* v. Vi Finch, *Respondent.*[1]

*Hyland, Elvidge & Watt, Elliott & Schneider,* and *Duane Tewell,* for appellants.

*Henry Arnold Peterson* and *Lycette, Diamond & Sylvester,* for respondent.

Olson, J.—These cases, which were tried at the same time and consolidated on appeal, present for determination the rights of the parties under this renewal provision of a lease of real property:

"Permission is hereby granted for the renewal of this lease upon its expiration, on terms to be agreed upon at that time."

[1] Reported in 243 P. (2d) 645.

Vi Finch leased retail store space, in the city of Auburn, from the lodge for a term of five years, commencing June 1, 1946, at a monthly rental of seventy-five dollars. A printed form of lease, with typewritten additions including the quoted provision, was used to express the agreement of the parties.

Before the expiration of the term, the tenant notified her landlord that she had elected to renew the lease. The landlord insisted that the renewal provision was not enforcible, and that she would be required to vacate the premises when the term expired. Negotiations failed to reconcile these divergent views, and she brought a timely action against the landlord to compel specific performance of the renewal provision.

The landlord commenced an action based upon the tenant's alleged unlawful detention of the premises after the expiration of the term. It was submitted to the trial judge, who heard both actions at the same time, upon the evidence presented in the tenant's action, which was considered first. The decision of either case necessarily is conclusive upon the issues in both cases.

The tenant prevailed in her action, upon findings by the trial court that the wording of the provision renders it enforcible for a renewal period of five years, subject only to a determination by the court of the reasonable rental for the renewal term. Consequently, the unlawful detainer action was dismissed.

This consolidated appeal raises two questions, namely, the enforcibility of the renewal clause, and the reasonableness of the rental determined by the trial court.

The landlord contends (1) that the renewal clause is incomplete, in that it provides no standard, criterion or formula by which to fix the "terms" of the renewal, and leaves open for agreement the entire subject matter of a new lease between the parties, and (2) that courts will not make agreements for parties, nor will they enforce alleged agreements which are indefinite, uncertain, and incomplete.

The tenant does not dispute the latter of these contentions, but she urges that the first is not tenable in view of the previous decisions of this court. She argues that the use of the words, "this lease," in the disputed provision, indicates the intention of the parties that the word "terms" meant only rental. In effect, she argues that the words, "the renewal of this lease," should receive a broad construction, as words granting the renewal of the lease upon terms identical with the old, except for rental, and that the phrase, "terms to be agreed upon," limits the earlier phrase of grant and should receive a narrow construction. She contends that, when the parties are unable to agree, the court can and must determine the reasonable rental for the renewal term. For her to succeed in this case, and to bring it within the scope of our decisions, "terms" must be taken to mean "rental."

In each of our previous decisions upon this question, *Anderson v. Frye & Bruhn,* 69 Wash. 89, 124 Pac. 499 (1912), *Faucett v. Northern Clay Co.,* 84 Wash. 382, 146 Pac. 857 (1915), *Young v. Nelson,* 121 Wash. 285, 209 Pac. 515 (1922), 30 A. L. R. 568, *Diettrich v. J. J. Newberry Co.,* 172 Wash. 18, 19 P. (2d) 115 (1933), and *Blume v. Bohanna,* 38 Wn. (2d) 199, 228 P. (2d) 146 (1951), by the provisions of the document itself, only one specific term of the renewal, usually rental, was open for agreement by the parties. In the *Faucett* case, the written agreement provided a definite and binding way to make certain the rental, although the length of the term of the renewal was not made certain and was settled by the court. None of these cases is in point in this case, and it is not necessary for us to discuss them or their rationale. In the case at bar, the renewal clause leaves all "terms" open for agreement by the parties.

██ Rental is but one of "the terms" (or provisions) of a lease. To accept the tenant's contention that "terms" means rental only, we must restrict the meaning of the word to one term (or provision), and further narrow it to the one term (or provision) selected by the tenant. Applying any rule of construction or definition of the word "terms"

which has been cited to us or which we have been able to find, does not permit us to reach this conclusion. In fact, there is no room for construction when plain and unambiguous words are used by the parties themselves. *Hamilton Trucking Service v. Automobile Ins. Co. of Hartford*, 39 Wn. (2d) 688, 237 P. (2d) 781 (1951). See *Blume v. Bohanna, supra*, p. 202, and case cited, also *Bellingham Securities Syndicate v. Bellingham Coal Mines*, 13 Wn. (2d) 370, 384, 125 P. (2d) 668 (1942). The words need only be taken in their common and accepted meaning, and, so taken, we must conclude that the words used here do not bring this case within the scope of our previous decisions, which express, as counsel concede, a minority rule. To conclude that this case is governed by that rule would result in the assumption by the courts of the power to make contracts, in addition to their duty to enforce them. The latter is our only proper province, and we cannot undertake the former. See *Keys v. Klitten*, 21 Wn. (2d) 504, 520, 151 P. (2d) 989 (1944), cited in *KVI, Inc. v. Doernbecher*, 24 Wn. (2d) 943, 965, 167 P. (2d) 1002 (1946), and *St. Paul & Tacoma Lbr. Co. v. Fox*, 26 Wn. (2d) 109, 131, 173 P. (2d) 194 (1946), and cases cited.

The tenant, not being entitled to prevail in her action for specific performance, unlawfully detained the premises, after the expiration of the term of her lease. The trial court found that, if the landlord's appeal brought that result, damages should be assessed against her in the sum of one hundred fifty dollars per month for the period of her unlawful detention, which sum should be doubled under the unlawful detainer statutes, and that the landlord should be granted restitution of the premises. RCW 59.12.170 [*cf.* Rem. Rev. Stat., § 827]. The amount of damages so found is based upon the trial court's finding of the reasonable rental value of the premises, which was made and entered in an action at law, the unlawful detainer case, upon conflicting evidence. The evidence does not clearly preponderate against it, and we will not disturb it. *Batcheller v. Westport*, 39 Wn. (2d) 338, 351, 235 P. (2d) 471 (1951).

The judgments of the trial court in both cases are reversed, and it is directed to enter judgment in each case in accordance with this opinion.

SCHWELLENBACH, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

June 18, 1952. Petition for rehearing denied.