[No. 33495.    Department Two.    April 12, 1956.]

WM. J. GRAY *et al., Appellants,* v. ROY S. LIPSCOMB *et al., Respondents.*[1]

*Devin, Hutchinson & Rolfe,* for appellants.

*Martin, Shorts & Bever,* for respondents.

MALLERY, J.—On September 27, 1944, defendants leased the Varsity Arms, a twenty-one-unit apartment building in Seattle, to plaintiffs for a period of ten years.    The lease provided, *inter alia:*

"35.  If the Lessee shall faithfully and punctually perform all of the terms of this lease the *Lessee shall have the option to purchase the said property on September 30, 1954 (but not before nor later)* for the consideration of Fifty Thousand Dollars ($50,000).   In the event of the exercise of this option by the Lessee the Six Thousand Dollars ($6,000) partial

[1]Reported in 296 P. (2d) 308.

consideration for this lease shall be applied on the said Fifty Thousand Dollars ($50,000). The said property shall be sold under a 'Real Estate Contract' and 'Conditional Bill of Sale' substantially in the forms hereto attached and made a part hereof, and the Lessee shall pay the Forty-four Thousand Dollars ($44,000) remainder of the consideration and interest on all unpaid remainders thereof at the rate of five per cent (5%) per annum as in the said Real Estate Contract and Conditional Bill of Sale set forth. . . .

"59. If the said option to purchase is not exercised and/or all of the terms hereof are not punctually performed then the said partial consideration of $6000.00 shall be retained by the Lessor." (Italics ours.)

Defendants occupied an apartment in the building during the term of the lease, but they had no further business transactions with plaintiffs. They stayed at home all day on September 30, 1954, to be available to plaintiffs, if they wanted to exercise the option to purchase the building. The plaintiffs did not see or communicate with them and made no attempt to exercise the option.

On October 1, 1954, defendants' attorney informed plaintiffs that they had failed to exercise their option to purchase; that their lease had expired; and that they must surrender immediate possession of the apartment house. Defendants then gave plaintiffs $7,112.03 in compromise, settlement, and satisfaction of any and all claims plaintiffs might have against defendants or to the property, and the plaintiffs executed a release to that effect.

On October 11, 1954, plaintiffs tendered the $7,112.03 back to defendants, gave a notice of the exercise of the option, and demanded that defendants execute a real-estate contract and conditional bill of sale to the property. This the defendants refused to do upon the ground that the option had expired.

Plaintiffs then brought this action for rescission of their release and for specific performance of the option to purchase, or, in the alternative, for one hundred thousand dollars damages. The trial court dismissed the action, and plaintiffs appeal.

The appellants make two contentions: (1) That state-

ments of respondents induced them to believe that respondents were not going to insist on strict compliance with the terms of the option, and respondents, therefore, are estopped from claiming that appellants had forfeited their rights thereunder; and (2) that the release signed by appellants is invalid because it was obtained through coercion, duress, undue influence, and false representations concerning appellants' rights.

(1) The appellants had an option of one day's duration to buy the apartment house. The language of the lease is:

". . . Lessee shall have the option to purchase the said property on September 30, 1954 (but not before nor later) . . ."

The appellants did not contend in the trial below and do not contend here that the blank form of the "real-estate contract" and "conditional bill of sale" attached to the lease, which contained the date of October 1, 1954, enlarged the duration of the option. Their position, as stated in the brief, is:

"Attached to the lease was a Real Estate Contract and a Conditional Bill of Sale fully made out and dated October 1, 1954, indicating that at the time the lease was executed in September, 1944, it was the intention of the parties to execute such instruments on October 1, 1954, *if the option was exercised.* . . ." (Italics ours.)

While appellants concede that the option was for one day only, they contend that there was an estoppel which deprived the respondents of the benefit of that time limitation. They predicate the estoppel upon the two following incidents, which they contend misled them.

(a) Two weeks before the lease expired, appellant Gray told respondent Lipscomb that he wanted to exercise the option and pay down twenty thousand dollars on the contract, to which respondent Lipscomb replied that he was interested in getting interest, but that he would talk it over with his wife.

(b) Two days before September 30, 1954, the only day of the option's existence, appellant Gray saw respondent Lipscomb and told him that he was ready to take up the

option and that they should get together for that purpose. To this respondent Lipscomb replied, "My attorney will be out the end of the week." That was the last conversation between the parties until October 1, 1954, when the release was executed.

During the ten years of the existence of the lease, the apartment house greatly increased in value. Appellants alleged that the premises have a present value of one hundred fifty thousand dollars. The respondents are not culpable because they hoped the appellants would not exercise the option. Appellants seem to feel that they stood in a confidential relationship to respondents, which entitled them to look to the respondents for help in the matter. The appellants' theory that respondents' good manners, sociability, and friendliness created a confidential relationship, is not sound. 15 C. J. S. 821. The parties had always dealt at arm's length.

The respondents owed no duty to appellants beyond the contractual obligations of the lease and option. They did not make any representations of fact in regard to the terms of the option, nor promise to enlarge its duration. All that can be said against respondents is that they did not help appellants to exercise their option. The appellants were in no way induced to forgo action upon the option by the statements of the respondents. Appellant Gray admitted that he had forgotten the terms of the option and that it had to be exercised on September 30, 1954. No estoppel arises from these facts. See *Krenov v. West Coast Life Ins. Co., ante* p. 180, 292 P. (2d) 209.

The court will not rewrite the option by enlarging its duration in order to save appellants from the results of their negligence. See *Finch v. King Solomon Lodge No. 60,* 40 Wn. (2d) 440, 243 P. (2d) 645; 51 C. J. S. 643, Landlord and Tenant, § 84 b.

(2) We do not reach appellants' contention with regard to the invalidity of the release after the option expired. There was nothing to release.

The judgment is affirmed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.