**OIL TRADING ASSOCIATES, INC.,**
Plaintiff,

v.

**TEXAS CITY REFINING, INC.,**
Defendant.

United States District Court
S. D. New York.

Dec. 15, 1961.

Milton Pollack, New York City, for plaintiff; Milton Pollack, Samuel N. Greenspoon, New York City, Raoul Berger, Washington, D. C., of counsel.

Carter, Ledyard & Milburn, New York City, for defendant; Edwin H. Krom, Wesley J. Liebeler, New York City, of counsel.

DAWSON, District Judge.

This is a motion pursuant to Rule 56 (b) of the Rules of Civil Procedure, 28 U.S.C.A. for partial summary judgment dismissing the first claim set forth in the complaint on the ground that there is no genuine issue of any material fact as to said claim and that defendant is entitled to judgment dismissing the claim as a matter of law.

The complaint contains ten causes of action, only the first of which concerns

us here. This cause of action alleges that the parties entered into a written contract, dated May 1, 1952, a copy of which is annexed to the complaint, whereunder defendant employed plaintiff as its exclusive agent for the sale of the entire output of defendant's oil refinery. It further alleges that on or about November 15, 1954, defendant wrongfully discharged the plaintiff, effective November 15, 1955, from its said employ and that since November 15, 1955, defendant has refused to permit plaintiff to carry out the contract and has refused to pay the compensation to which plaintiff is contractually entitled. This cause of action claims damages in the sum of $1,036,800 up to the date of the complaint and alleges that the plaintiff continued to sustain damages thereafter at the rate of $38,400 per month based on the contract continuing in force.

The defendant alleges that the contract was terminated in accordance with its terms, effective November 15, 1955.

■ In accordance with the provisions of Rule 56(d) the Court at the hearing, by interrogating counsel, ascertained the material facts which exist without substantial controversy. It was admitted that the only relevant provision in the contract pertaining to its termination appears in paragraph 6 of the contract which reads as follows:

"6. This contract shall terminate on or upon any date after December 31, 1953 upon twelve months' written notice by either party to the other, provided that prior to the giving of such notice the parties have not been able, within a period of not more than ninety days of negotiations, to agree upon a renewed or revamped contract or a mutually satisfactory termination date."

It was admitted that on July 16, 1954, the president of the defendant wrote to the president of the plaintiff, as follows:

"This will notify you that we desire immediately to commence negotiations with you looking toward agreement upon a renewed or re-

vamped contract, in accordance with the provisions of paragraph 6 in the letter agreement between us dated May 1, 1952."

It was admitted that on November 15, 1954 the president of the defendant wrote to the president of the plaintiff, as follows:

"In my letter of July 16, 1954, I notified you that Texas City Refining, Inc. desired to commence negotiations immediately for a new agreement in accordance with the provisions of Paragraph 6 of the letter agreement dated May 1, 1952. Since that time negotiations have proceeded, but unfortunately, we have not been successful in reaching an agreement acceptable to both of us. The 90-day negotiations period has therefore terminated as of October 14, 1954, and in accordance with the provisions of said paragraph 6 of the letter agreement dated May 1, 1952, I hereby give you notice that we desire to terminate the existing agreement twelve months from this date, or November 15, 1955.

"I hope we will be able to work out a revised contract satisfactory to both of us in the near future."

The parties have admitted, therefore, that notice of a desire to terminate the contract was given; that thereafter the parties did not negotiate a revamped contract during a period of 90 days; and that notice was then given on November 15, 1954 that the contract would be terminated as of November 15, 1955.

The sole question is whether this procedure was sufficient to constitute a termination of the contract in accordance with the terms thereof. This is purely a question of construction of the written agreement and involves no controverted facts.

Plaintiff contends that the contract and the law imposed a duty on the defendant, as the one seeking to terminate the contract, to "negotiate in good faith" during the 90-day period for a revised or new agreement. It urges that the question

as to whether such good faith negotiations took place is a question of fact which would preclude the granting of summary judgment.

It was admitted by the attorneys for the plaintiff at the argument of the motion that after the notice of July 16, 1954 had been given, the officers of the parties met at least once for a discussion of the contract. Thereafter, apparently, no further negotiations took place. The Court will assume, for the purposes of this motion, that no meaningful negotiations took place between the parties for a renewed or revamped contract during this period.

In effect plaintiff is urging that paragraph 6 of the contract did one of two things: (1) it imposed a contractual obligation upon a party seeking to terminate the contract to negotiate in "good faith" for a period of 90 days upon a renewed or revamped contract, or (2) it conditioned the notice of termination of the contract upon the fact of having negotiated in "good faith" for a period of 90 days for a renewed or revamped contract.

As to the first contention of the plaintiff it should be sufficient to point out that the contract imposed no obligation upon either party actually to negotiate during the period of 90 days for a new contract. The contract appears to be a relatively carefully drawn document. The contract affords, prior to notice of termination, a period of 90 days during which negotiations may take place, but it does not express a contractual obligation that the parties shall negotiate during that period, whether in good faith or otherwise. To adopt the first contention of plaintiff would mean that the Court was rewriting the contract. This it obviously cannot do. See 1 Williston, Contracts § 22 (3d ed. 1957).

Moreover, the courts have consistently held that in ordinary commercial situations agreements to negotiate are unenforceable. Royce Haulage Corp. v. Bronx Terminal Garage, Inc., 185 Misc. 892, 57 N.Y.S.2d 760 (App. T., 1st Dep't 1945); Beech Aircraft Corp. v. Ross, 155 F.2d 615 (10th Cir. 1946). See St. Regis Paper Co. v. Hubbs & Hastings Paper Co., 235 N.Y. 30, 138 N.E. 495 (1923); 1 Williston, Contracts § 45 (3d ed. 1957).

This rule is particularly applicable where all terms of a contract are negotiable upon renewal. Finch v. King Solomon Lodge, etc., 40 Wash.2d 440, 243 P.2d 645 (1952). The case of Smith v. United Traction & Elec. Co., 49 App.Div. 641, 63 N.Y.S. 665 (1900), aff'd 168 N.Y. 597, 61 N.E. 1134 (1901), relied on by the plaintiffs, did not involve a renewal agreement and the term left open for negotiation was only one element in one of five contracts which were otherwise binding.

Essentially the same arguments as above serve to dispose of plaintiff's second contention that a termination of the contract was conditioned upon the parties negotiating "in good faith." Paragraph 6 merely affords a period of time for the discussion of renewal terms if both sides are desirous of entering into such negotiations. It assures that notice of termination will not be served summarily without advance warning and without opportunity for negotiation. It does not impose on either side the affirmative duty of negotiating in good faith nor condition termination upon such negotiations. When the party seeking termination has given a 90-day notice, during which period negotiations may take place, it has fulfilled that provision of the contract. If during the 90-day period the parties have been unable to agree or unwilling to agree upon a new or revamped contract, the contract may then be terminated on a year's notice, as it was in this instance.

Defendant's motion for partial summary judgment is granted and the first cause of action is dismissed.