[No. 5367-9-III.   Division Three.   March 15, 1984.]

McCOMBS CONSTRUCTION, INC., *Appellant,* v. SCOTT
K. BARNES, ET AL, *Respondents.*

*John A. Sherrick* and *Sherrick, Montoya & Tracy,* for
appellant.

*Richard W. Kuhling, Keith A. Trefry,* and *Paine, Hamblen, Coffin & Brooke,* for respondents.

McINTURFF, J.—McCombs Construction, Inc., appeals a
Superior Court order which denied its motion for execution
on a supersedeas bond. We reverse.

The supersedeas bond was posted in an appeal from a judgment in an action growing out of the following facts: Scott Barnes (Scott), the son of Donald and June Barnes (the Barneses), had extensive remodeling work done to a home owned by his parents and occupied by him as a tenant. McCombs Construction, Inc. (McCombs) did the remodeling work. When McCombs was not paid for its work, it filed notice of claim of materialman's lien against the property owned by the Barneses and occupied by Scott. McCombs also sought personal judgment against Scott and the Barneses. The Barneses in turn filed an action to remove the lien. The actions were consolidated, and, in a bench trial, McCombs was awarded a judgment in the amount of $28,057.97 against Scott individually. In addition, the court awarded McCombs a lien against the Barnes property. Both Scott and the Barneses appealed. *See McCombs Constr., Inc. v. Barnes,* 32 Wn. App. 70, 645 P.2d 1131 (1982).

Meanwhile, McCombs proceeded to execute on its judgment by taking steps to foreclose its lien on the Barnes property. The Barneses unsuccessfully moved the Superior Court to stay execution, then a supersedeas bond was posted in the amount of $40,000. The undertaking was issued by Aetna Insurance Co. as surety, using a form with the heading of the lawsuit typed in at the top and "defendants" inserted in the space for the principals' names. The heading listed all three defendants.

The Court of Appeals affirmed the personal judgment against Scott, but reversed the Superior Court's imposition of a lien on the Barnes property. *See McCombs Constr., Inc.* McCombs then moved for judgment against the surety on the theory that the "defendants" named in the bond included Scott as well as the Barneses. In opposition to this motion, the Barneses submitted the affidavit of their attorney who referenced the court to (1) his letter to Aetna's registered agent which forwarded "the bond application on behalf of Donald K. and June Barnes," (2) the application itself which was signed by the Barneses and detailed only

their assets and liabilities, and (3) the renewal billing from Aetna to "Donald and June Barnes."

McCombs countered with its attorney's affidavit which stated he had decided not to pursue Scott's assets to satisfy the judgment because the bond listed the "defendants" as principals. McCombs' president, Roger McCombs, attested that Scott had substantial assets at the time of the entry of the Superior Court's judgment which he believed were no longer available. However, Scott's affidavit affirmatively stated his personal net worth was the same as before the appeal.

After considering the foregoing affidavits and documents, the Superior Court entered an order denying McCombs' motion for execution upon the supersedeas bond. The order stated:

> Insofar as the Appellate Court has reversed that part of the Trial Court's judgment which allowed execution upon the real property of defendants Donald and June Barnes, said bond is by order of this Court terminated. It is further ordered plaintiff has no action against said bond in satisfaction of its judgment against defendant Scott K. Barnes.

McCombs contends the word "defendants" in the bond is unambiguous and refers to the defendants as listed in the caption on the heading of the bond. We agree.

■ It is well settled that where the terms of a contract taken as a whole are plain and unambiguous, the contract's meaning is to be determined from its language alone, and the court will not resort to any extrinsic aids in construction. *Finch v. King Solomon Lodge 60,* 40 Wn.2d 440, 443, 243 P.2d 645 (1952); *Fancher Cattle Co. v. Cascade Packing, Inc.,* 26 Wn. App. 407, 409, 613 P.2d 178 (1980). Here, the bond says it supersedes the judgment against the defendants, and its caption lists the Barneses and Scott as defendants. The term "defendants" plainly and unambiguously refers to the defendants listed in the caption.

The Barneses argue "defendants" was a scrivener's error and point to other documents which indicate the bond was

not intended to supersede the judgment against Scott. However, the bond was the only document filed in the court and available to McCombs. The judgment creditor should be able to rely on this public document. Certainly the application for the supersedeas bond is the private property of the bonding company, so there would be no right to examine it. Further, we question whether any bond company would allow the judgment creditor or his attorney to examine the application for a bond contained in the company's private files. More importantly, the creditor should not be subject to this kind of burden.

The Barneses also contend (1) McCombs' assignment of error does not comply with the Rules of Appellate Procedure, and (2) McCombs is estopped to claim ambiguity because it knew that the Barneses were the only defendants who were subject to the Superior Court order denying a stay of execution pending appeal. We hold McCombs' assignment of error was sufficient in this appeal from an order on a motion which did not require findings and conclusions. CR 52(a)(5)(ii). We also hold the elements of estoppel were not established by the facts of this case.

The judgment of the Superior Court is reversed.

MUNSON, C.J., and GREEN, J., concur.

Reconsideration denied April 27, 1984.

Review denied by Supreme Court July 13, 1984.